```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION

In re:                              )
Estate of LELLA V. MOSS, Linda      )
Harris, Personal Representative,)
et al.,                             )
                                    )
     Plaintiffs,                    )
                                    )
        v.                          )    NO.  2:07-0012
                                    )    Judge Trauger/Bryant
TOMMY MOSS, et al.,                 )
                                    )
     Defendants.                    )
```
**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

       This case has been referred to the undersigned Magistrate Judge for report and recommendation on all dispositive motions.

       Plaintiff Linda Harris, individually and as personal representative of the estate of Lella V. Moss, deceased, has filed her motion to remand to the Chancery Court of Jackson County, Tennessee, the captioned lawsuit, which has been removed to this court pursuant to a notice filed by plaintiff Tommy Moss (Docket Entry No. 92). As grounds for her motion, Ms. Harris asserts that her state case has been improperly removed because (1) this court lacks subject matter jurisdiction of the state probate action and (2) Mr. Moss's notice of removal was untimely.

       Mr. Moss has filed his response in opposition to the motion to remand (Docket Entry No. 110).

## Procedural History

Plaintiff Tommy Moss, proceeding _pro se_, filed this action on April 3, 2007, alleging certain constitutional violations arising from the prosecution of a state-court protective custody and conservatorship proceeding involving his mother, Lella V. Moss, in early 2007.[1]

The court previously has granted motions to dismiss the complaint against several defendants (Docket Entry No. 105).

On August 28, 2008, plaintiff Tommy Moss filed what has been construed as a notice of removal to this court of a separate action for declaratory judgment filed in the Chancery Court of Jackson County, Tennessee, by Linda Harris, individually and as personal representative of the estate of Lella V. Moss.[2] This action names Tommy Moss and his siblings as defendants and seeks a declaratory judgment that a certain trust agreement allegedly executed by Lella V. Moss, deceased, is null and void, and that any assets held subject to this trust agreement are the rightful property of the estate of Lella V. Moss (Docket Entry No. 92-5).

---

[1] A lengthy summary of the factual allegations can be found in the undersigned Magistrate Judge's report and recommendation filed August 28, 2008 (Docket Entry No. 93, pp. 2-7). This summary will not be repeated here.

[2] Ordinarily a case removed from state court is assigned a new case number when the notice of removal is filed in this court. However, undoubtedly because Tommy Moss placed the docket number of his action already pending in this court (No. 2:07-0012) on his notice of removal (Docket Entry No. 92), the Clerk has effectively consolidated the removed state action with the earlier case brought by Mr. Moss in the court.

Plaintiff (in the removed state-court case) Linda Harris has filed her motion to remand, and Tommy Moss has responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that Ms. Harris's motion to remand be **GRANTED**.

## Analysis

Subject matter jurisdiction. Title 28, Section 1441, describes actions that are generally removable from state to federal court. Section 1441(a) states in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added). The U.S. Supreme Court has explained the jurisdictional requirement for removal as follows:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-13, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

3

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Tommy Moss makes no claim that federal jurisdiction of this state court action is based upon diversity of citizenship; indeed, from the record it appears that all the parties are citizens and residents of Tennessee. Therefore, jurisdiction of this court necessary to support removal must be based upon federal question. The issue, then, is whether a federal question is presented on the face of Linda Harris's properly pleaded complaint for declaratory judgment (Docket Entry No. 92-5). The answer is "no," as Ms. Harris invokes no federal statute or constitutional provision as the basis for any of her claims.

Accordingly, the undersigned Magistrate Judge finds that this court lacks jurisdiction of this state court action and that Linda Harris's motion to remand should be granted.

Timeliness of notice of removal. Ms. Harris also argues that Mr. Moss's notice of removal was untimely and came too late. Title 28, Section 1446(b), United States Code, requires that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. . . ."

The record shows that Ms. Harris filed her state-court complaint for declaratory judgment on August 23, 2007 (Docket Entry No. 92-5). Although the record does not contain the date when

4

Tommy Moss was served with Ms. Harris's complaint, it does show that Mr. Moss filed a responsive pleading in state court on November 29, 2007 (Docket Entry No. 92-7). It is therefore evident that he was served before that date. Mr. Moss's notice of removal was not filed until August 27, 2008, several months after the 30-day statutory deadline for filing a notice of removal. Mr. Moss in his response argues that his notice of removal is timely because he filed it within 33 days of Ms. Harris's filing of a "Memorandum of Law in Support of Motion For Summary Judgment" in the state-court action (Docket Entry No. 110, p. 4). Respectfully, Mr. Moss's argument is contrary to law and without merit.

The undersigned Magistrate Judge finds that Mr. Moss failed to file his notice of removal within the time provided by law, and that Ms. Harris's motion to remand should be **GRANTED**.

<u>Failure of all defendants to join in notice of removal</u>. In cases involving multiple defendants, all defendants must join in the notice of removal within thirty days from the date that the complaint is served upon the first defendant. <u>Chicago, R.I. & P. Ry Co. v. Martin</u>, 178 U.S. 245, 247-48 (1900); <u>Winners Corp. v. Lafayette Life Ins. Co.</u>, 734 F.Supp. 812, 814 (M.D. Tenn. 1989); <u>Mayberry v. Peninsula Psychiatric Hospitals, Inc.</u>, 470 F.Supp. 1268, 1269 (E.D. Tenn. 1979).

The record shows that Tommy Moss and his four siblings were all named as defendants in Ms. Harris's state-court complaint for declaratory judgment (Docket Entry No. 92-5). None of the

5

other defendants have joined in Tommy Moss's notice of removal, nor otherwise indicated their consent to removal, within the time required by law. For this additional reason, the undersigned Magistrate Judge finds that Ms. Harris's motion to remand should be **GRANTED**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Linda Harris's motion to remand be **GRANTED**, and that her action for declaratory judgment be **REMANDED** to the Chancery Court for Jackson County, Tennessee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of January 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
