UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

```
In re:                              )
Estate of LELLA V. MOSS, Linda      )
Harris, Personal Representative,    )
et al.,                             )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )   NO. 2:07-0012
                                    )   Judge Trauger/Bryant
TENNESSEE DEPARTMENT OF HUMAN       )
SERVICES, et al.,                   )
                                    )
    Defendants.                     )
```

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Defendant Michael Collins has filed his motion to dismiss for failure to state a claim (Docket Entry No. 90), supported by a memorandum of law (Docket Entry No. 91). Plaintiff Tommy Moss has not responded in opposition.

This case has been referred to the undersigned Magistrate Judge for report and recommendation on all dispositive motions (Docket Entry No. 2).

For the reasons stated below, the undersigned **RECOMMENDS** that defendant Collins's motion to dismiss be **GRANTED**.

### Statement of the Case

Plaintiff Tommy Moss, proceeding pro se, has filed his 211-page amended complaint alleging that a host of defendants violated his constitutional rights, and those of his mother, Lella V. Moss, now deceased, during and following a 2007 protective

custody and conservatorship proceeding in Jackson County, Tennessee.[1] In an earlier ruling, the Court has dismissed the complaint against several of the defendants (Docket Entry No. 105).

According to the amended complaint, defendant Michael Collins, an attorney, was appointed by the state court to represent Ms. Lella V. Moss in the protective custody and conservatorship proceeding filed by the Tennessee Department of Human Services (Docket Entry No. 8, ¶ 332, p. 65). Defendant Collins appeared as counsel and represented Ms. Moss at hearings on February 15, 2007, and on March 8, 2007. (Id. at ¶¶ 343 and 589, pp. 66 and 107). The amended complaint asserts that defendant Collins at these hearings did not ask questions about the powers of attorney that Lella Moss had allegedly executed naming Tommy Moss as her attorney-in-fact, the trust agreement that Ms. Moss had signed naming Tommy Moss as trustee, or other matters pertinent to the protective custody/conservatorship proceeding (Docket Entry No. 8, ¶¶ 344-45, p. 66). In summary, the amended complaint asserts that defendant Collins failed to provide "adequate representation of counsel" to Lella V. Moss or to plaintiff Tommy Moss. The amended complaint also contains a general allegation entitled "Judicial RICO." (Docket Entry No. 8-2, ¶¶ 1276-91, pp. 42-44).

---

[1] A lengthy factual summary, which will not be repeated here, appears in the undersigned Magistrate Judge's report and recommendation filed August 28, 2008 (Docket Entry No. 93, pp. 2-7).

2

Defendant Collins has filed his motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. As grounds for his motion, defendant Collins has adopted by reference grounds numbered 1, 2 and 4 in the memorandum in support of codefendant Kelly Tayes's motion to dismiss (Docket Entry Nos. 91 and 61, respectively). These grounds are:

1. The Amended Complaint fails to comply with Rules 8, 9 and 10 of the Federal Rules of Civil Procedure;

2. This court lacks subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine; and

4. The Amended Complaint fails to state a claim under the RICO statute.

### **Standard of Review**

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the Court must accept as true all factual allegations in the complaint. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994), cert. denied, 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). The motion should be granted only it if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D.

3

Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

In other words, in deciding a motion to dismiss, the function of the District Court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646, 650 (N.D. Ohio 1993). The District Court is without authority to dismiss claims unless it can be demonstrated beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Id.

### Analysis

Rules 8, 9 and 10. Defendant Collins, by reference, argues that plaintiff's amended complaint violates the requirement in Rule 8 that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendant argues that plaintiff's amended complaint "consists of 211 rambling, incoherent and confusing pages," and, for this reason, should be dismissed.

While the extreme length of Mr. Moss's amended complaint violates both the letter and the spirit of federal rules governing the form of pleadings, the undersigned Magistrate Judge acknowledges that Mr. Moss is proceeding pro se, and that the

4

court, therefore, is obliged to apply a less stringent standard to the formalities of his pleadings. See Erickson v. Pardus, 551 U.S. 89 (2007). Accordingly, the undersigned Magistrate Judge declines to find that the amended complaint should be dismissed because of its length or other pleading formalities.

       Lack of jurisdiction under the Rooker-Feldman doctrine. Defendant Collins, by reference, adopts defendant Tayes's argument that this court lacks subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. As set forth more fully earlier in this record,[2] the Rooker-Feldman doctrine holds that district courts lack subject-matter jurisdiction of "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). To the extent that the amended complaint seeks to have this court review and, in effect, reverse the result in the Chancery Court for Jackson County, the amended complaint should be dismissed for lack of subject-matter jurisdiction. This court has already so ruled (Docket Entry No. 105). However, to the extent that the amended complaint asserts a claim of legal malpractice against defendant Collins, the Rooker-Feldman doctrine has no application.

---

[2]Report and Recommendation filed August 28, 2008 (Docket Entry No. 93 at pp. 10-14).

Lack of standing. It appears undisputed in this record that defendant Collins was appointed by the state court to represent Lella V. Moss in the protective custody and conservatorship proceeding instituted by the Department of Human Services. Defendant Collins's duties in this capacity, therefore, ran to his client, Ms. Moss, and not to her son, plaintiff Tommy Moss. While 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," this statute does not permit pro se plaintiffs to assert interests other than their own. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002). Stated simply, "a person may not appear pro se on another person's behalf in the other's cause of action." Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist., 409 F.3d 753, 755 (6th Cir. 2005). The claim against defendant Collins for allegedly providing inadequate representation to Lella V. Moss is a claim belonging to Ms. Moss or her estate. Even if Tommy Moss were appointed as personal representative of the estate of Lella V. Moss, deceased (which has not occurred), he would still be required to be an attorney or retain an attorney in order to assert claims on behalf of Ms. Moss's estate. (Id.)

Based upon the foregoing authority, the undersigned Magistrate Judge finds that plaintiff Tommy Moss, as a pro se litigant, lacks standing to assert claims based upon alleged breaches of duty by defendant Collins as court-appointed counsel

6

for Lella V. Moss, and that such claims should be dismissed.

<u>The RICO claim</u>.  Defendant Collins asserts that plaintiff's amended complaint fails to state a claim upon which relief can be granted under the RICO statute, 18 U.S.C. § 1961 <u>et seq</u>.  The undersigned Magistrate Judge has previously considered this question, and has found that it fails for multiple reasons (Docket Entry No. 93, pp. 19-20).  This finding has been accepted and adopted by the court (Docket Entry No. 105).  The undersigned Magistrate Judge therefore finds that, to the extent that the amended complaint seeks to state a claim against defendant Collins under the RICO statute, the amended complaint should be dismissed for failure to state a claim.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Collins's motion to dismiss should be **GRANTED**, and that the complaint, as amended, against him should be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

7

waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

    **ENTERED** this 4th day of February 2009.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
