RECEIVED
IN CLERK'S OFFICE
MAY 2 0 2009
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

IN RE LELLA V. MOSS B

No: 2:07-0012
Judges: Trauger/Bryant

Lella V. Moss
by agent, next friend
Tommy Moss
individually, agent of Lella Moss

v.

Tennessee Department of Human Services, TN DHS APS; and others

subcase B ========== IN RE LELLA V MOSS ESTATE

Linda Harris, executrix and self v. Tommy Moss and others

Tommy Moss v. Linda Harris - Bellar and others

REQUEST TO: HAVE A SINGLE ATTORNEY IDENTIFIED FOR STATE PLAINTIFF -
CORRECTLY DESIGNATE PARTIES --
DISMISS PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

1. This motion is intended to apply to the Federal Case removed from TN state court, however, If the case is ultimately remanded to state court it is intended that the motion shall be considered as a motion filed in State Court

2 The state case defendant in the "undue influence" complaint is under the belief that the state case Plaintiff and her attorneys are expecting the estate of Lella Moss to pay their fees and expenses for the claims they have made or will make.

3 At the May 23, 2009 hearing the Plaintiff(s) was represented by three attorneys who were present at the hearing. The defendant has also had interaction from more than one of the Bellar attorneys.

4. The presence and representation by three attorneys was unnecessary for the Motions that have

been heard and for the trial

5. The state case defendant Claim that the complaint made by the state case Plaintiff is her personal claims for which she bears the responsibility for cost and professional attorney fees.

6. The state case defendant, trust and/or estate will oppose any request for legal fees made by the Plaintiff

Therefore,

7. The state case defendant request a clarification of who is the attorney for billing and representation for professional legal services in advance. In the alternative, the state case defendant request that it be clarified that only one attorney will make a claim for any professional legal services he expects the defendant to pay if they are successful.

8. RE THE CORRECT DESIGNATION OF PARTIES AND CASE

9. The state case Plaintiff and her attorneys have titled the "undue influence" complaint against the defendant as a Claim made by, the court appointed administrator for the estate of Lella Moss (Linda Harris) and Linda Harris, personally.

10. The state case Plaintiff's claims which are made against the state case defendant is exclusively that of Linda Harris, personally. She can only be pursuing her interest in the "undue influence" claim as The Estate of Lella Moss has no assets or interest in the trust assets of Lella Moss or wheather or not the estate has assets to probate

11. In addition, the state case defendant has motions pending in the case that claim the stated case Plaintiff no longer has an interest in the Estate of, or Trust of Lella Moss due to the restrictions Lella

Moss placed upon eligibility to receive a benefit. The resolution of this motion may make this request MOOT.

12. Tommy Moss has no personal control of the former assets of Lella Moss except throught the Trust of Lella Moss. The state case Plaintiff recognizes this fact by requesting that these documents be declared Void as a result of "undue influence". Additionally: The State court has effectivley denied Tommy Moss, Trustee use and control of the LVM trust assets without hearing or notice, in part, so as to interfer with Federal Plaintiffs access to the federal court to seek redress for the prior constitutional violations.

Therefore:

13. The defendant request that the court recognize the correct relationship between the state case parties and so designate the case as that of Linda Harris, the individual v. Tommy Moss, the individual and as Trustee of the Lella Moss Trust.

14. RE SUMMARY JUDGMENT MOTION OF STATE CASE PLAINTIFF

15. The state case plaintiff has a motion pending in the state case that the court enter a summary judgment in the case The defendant has raised factual objections to the claims of the Plaintiff. These objections include a denial that he "unduely influence" Lella Moss. A motion for Summary Judgment requires that there be no facts at issue as a condition for consideration.

Therefore;

16. The defendant request that the motion for summary judgment be dismissed.

Respectfully Submitted: _Tommy Moss_

CERTIFICATE OF SERVICE

REQUEST TO: HAVE A SINGLE ATTORNEY IDENTIFIED FOR STATE PLAINTIFF - CORRECTLY DESIGNATE PARTIES -- DISMISS PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

I hereby certify that a true and accurate copy of the foregoing document has been served upon those listed below by placing the same, postage prepaid in the United States Mail on this day: 05/19/2009.

*Tommy Moss*
Tommy Moss

Thomas I. Carlton, Jr. TBN 2759 Ben M. Rose, TBN 021254 Cornelius and Collins, LLP. Suite 1500, Nashville City Center 511 Union Street POB 190695 Nashville, TN 37219 615 244 1440 attorney for Bellar Bellar Winkler - ticarlton@cornelius-collins.com

Jack O. Bellar, BPR 3157 Bellar and Winkler 212 Main Street POB 332 Carthage, TN 37030 615 735 1684 - Attorney for Linda Harris

Eldon Moss 3857 Morrisons Creek Road Gainesboro, TN 38562

Bobby Moss 3925 Morrison Creek Road Gainesboro, TN 38562

Nola Moss 175 Harris Lane POB 694 Gainesboro, TN 38562

Danny Moss 240 Sugar Town Ridge Rd Gainesboro, TN 38562

Linda Harris pob 374 Gainesboro, TN 38562

Pamela A. Hayden-Wood TN AG, Senior Cousel # 13820 P.O. Box 20207 Nashville, TN 37202 - 615 741 7908 - pamela.hayden-woood@state.tn.us - Attorney for State Employees

Mr. Walter C. Kurtz, Senior Judge State of Tennessee 708 Metropolitan Courthouse Nashville, TN 37201

Sherrie Osborne, Clerk Chancery Court 101 East Hull Street PO Box 342 Gainesboro, TN 38562 931 268 9516 931 268 9512 fax self represented

Joy Buck Gothard 190 South Lowe Avenue pob 806 Cookeville, Tn 38503 931 526 4045 931 526 4055 fax joy@ jbg-law. com

Kelly Tayes 5110 Cherry Creek Road P.O. Box 695 Cookeville, TN 38502 931 372 1303