```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION

In re: Lella V. Moss,            )
                                 )
LELLA V. MOSS                    )
By agent, next friend, TOMMY     )
MOSS, Individually, agent of     )
Lella Moss,                      )
                                 )
     Plaintiffs,                 )
                                 )
     v.                          )    NO.  2:07-0012
                                 )    Judge Trauger/Bryant
TENNESSEE DEPARTMENT OF HUMAN    )
SERVICES, TN DHS APS, et al.,    )
                                 )
     Defendants.                 )
```

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendant Kelly Tayes has filed her second Motion To Dismiss (Docket Entry No. 120).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Tayes's motion be **TERMINATED as moot.**

## Analysis

Kelly Tayes, individually and in her capacity as Conservator and/or Trustee for Estate of Lella V. Moss, was named as a defendant in the original complaint (Docket Entry No. 1). Ms. Tayes filed her motion to dismiss (Docket Entry No. 60), and the Court granted her motion and dismissed the complaint against her with prejudice (Docket Entry No. 105).

On August 27, 2008, plaintiff Tommy Moss filed what the Court construed as a notice of removal of a state probate case ("the state probate case") originally filed in the Chancery Court for Jackson County, Tennessee (Docket Entry No. 92). This state probate case, filed by Linda Harris as the duly appointed representative of the estate of Lella V. Moss, deceased, named Tommy Moss and his other siblings as defendants and sought a declaratory judgment that a certain trust agreement was null and void (Docket Entry No. 92-5).[1]

Linda Harris filed a motion to remand the state probate case to the Probate Court of Jackson County (Docket Entry No. 95). Rather than responding directly to this motion to remand, Tommy Moss thereafter filed a 65-page document which the Court liberally construes as an answer, counterclaim and third-party complaint in the state probate case removed to this Court (Docket Entry No. 115-1). Significantly, this filing names Kelly Tayes among numerous other defendants, and asserts essentially the same claims against her as those previously dismissed with prejudice (Docket Entry No. 115-1, paragraphs 298, 349, 358, 368, etc.)

---

[1]Normally cases removed to this Court from state court are assigned a new docket number here. Undoubtedly because Mr. Moss placed the docket number assigned to his original complaint on his removal papers, the Clerk did not assign a new docket number to the state probate case upon removal, but instead effectively consolidated the removed case with Mr. Moss's original action.

2

On March 31, 2009, this Court granted Linda Harris's motion to remand the state probate case to the Chancery Court for Jackson County (Docket Entry No. 150).

Because (1) this Court has previously dismissed with prejudice the complaint against defendant Kelly Tayes and (2) the new claims against her that prompted the subject motion were filed as a third-party claim in the state probate case now remanded to state court, the undersigned Magistrate Judge finds that defendant Tayes's second Motion To Dismiss should be **TERMINATED as moot**.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Tayes's Motion To Dismiss (Docket Entry No. 120) should be **TERMINATED as moot** and that she be terminated as a party to this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 27th day of July, 2009.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          United States Magistrate Judge