```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION

In re: Lella V. Moss,             )
                                  )
LELLA V. MOSS                     )
By agent, next friend, TOMMY      )
MOSS, Individually, agent of      )
Lella Moss,                       )
                                  )
      Plaintiffs,                 )
                                  )
      v.                          )    NO.  2:07-0012
                                  )    Judge Trauger/Bryant
TENNESSEE DEPARTMENT OF HUMAN     )
SERVICES, TN DHS APS, et al.,     )
                                  )
      Defendants.                 )
```

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

The remaining defendant[1] in this action, Margaret Welker, has filed her motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Docket Entry No. 130). As grounds for her motion, defendant Welker argues: (1) that this Court lacks subject-matter jurisdiction, (2) insufficiency of service of

---

[1] The Court has previously dismissed the complaint against numerous other defendants (Docket Entry Nos. 105 and 149), and has remanded to state court a state probate case removed to this Court by plaintiff Tommy Moss (Docket Entry No. 150). It further appears that a summons was issued and served on "Beane Mattingly," CEO of Cookeville Regional Medical Center (Docket Entry No. 10, p. 6), and that Mr. Mattingly thereafter returned a waiver of service form (Docket Entry No. 45), signed "Bernie Mattingly." However, Mr. Mattingly is not listed as a defendant in the caption of the complaint or amended complaint (Docket Entry Nos. 1 and 8), and, to the best of the undersigned Magistrate Judge's ability to determine, the only place his name appears in the amended complaint is in paragraph 30, where he is identified as the CEO of Cookeville Regional Medical Center. From the foregoing, it appears that the amended complaint makes no claim against Mr. Mattingly personally, but instead intended to list him only as agent for service of process on defendant Cookeville Regional Medical Center. Therefore, the undersigned Magistrate Judge **recommends** that Mr. Mattingly be **terminated** as a defendant in this case.

process, and (3) that the complaint fails to state a claim upon which relief can be granted.

Plaintiff Tommy Moss, pro se, has responded in opposition to defendant Welker's motion (Docket Entry Nos. 159 and 160).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant Welker's motion to dismiss be **GRANTED**, and that the complaint against her be **DISMISSED**.

### Summary of Allegations Against Defendant Welker

The allegations involving defendant Welker are found in paragraphs 673 through 704 of the amended complaint (Docket Entry No. 8-1, pp. 4-9.[2] In summary, plaintiff alleges that the hearings in the Lella V. Moss conservatorship proceeding in the Chancery Court for Jackson County, Tennessee, were recorded by Jennifer Briley, an employee or independent contractor of defendant Welker's court reporting firm located in Clarksville, Tennessee.

Plaintiff alleges that, before these hearings, he had talked with Ms. Briley by telephone and "had made financial arrangements for part of the transcript to be typed and paid for in early March 2007" (Amended Complaint, para. 675). Plaintiff alleges that after the hearings he experienced excessive and unreasonable delays in obtaining the transcript from defendant Welker's firm, and that defendant Welker refused to provide a copy

---

[2] A general summary of the facts alleged in the amended complaint appears in the report and recommendation entered August 28, 2008 (Docket Entry No. 93), pages 2-7.

2

of the transcript in an electronic format that he requested.  As a result, plaintiff alleges that he was required to request two extensions, presumably from the Tennessee state court, that he was required to spend excessive amounts of time communicating with defendant Welker's firm in an attempt to resolve these issues, and that he experienced "a delay in getting before the Court for redress of issues."  As relief, plaintiff seeks from this Court an order requiring defendant Welker to "provide the additional services inquired of in the letter _____ without charge;" that defendant Welker be ordered to reimburse plaintiff for the $1,241.75 he paid for the full transcript; that defendant be required to "pay for all losses suffered by [Tommy Moss] and/or [Lella V. Moss]," and that defendant Welker be ordered to "pay up to 100,000 dollars for failure to act diligently, which kept [Tommy Moss] and/or [Lella V. Moss] from accessing to (sic) the Court."  (Amended Complaint, paras. 701-04).

## Analysis

<u>Lack of subject-matter jurisdiction</u>.  Defendant Welker argues that this Court is without subject-matter jurisdiction of the claims alleged against her.[3]  Specifically, defendant Welker

---

[3] While the individual claims of an action within the Court's original jurisdiction are not ordinarily themselves subject to the requirement of demonstrating their own original jurisdictional basis, see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 556-66 (2005) and 28 U.S.C. § 1367, this Court's ruling that the gravamen of this case is barred by the Rooker-Feldman doctrine necessarily means that the Court's original jurisdiction has not been properly invoked in this action.  Therefore, the claims against defendant Welker are subject to

3

asserts that the amended complaint contains no claims against her that arise under the U.S. Constitution or statutes, 28 U.S.C. § 1331, nor does it allege that plaintiff Moss and defendant Welker are citizens of different states, 28 U.S.C. § 1332.[4]

Since diversity jurisdiction neither exists nor is alleged to exist, subject-matter jurisdiction in this Court, if it exists at all, must be based upon a federal question. 28 U.S.C. § 1331. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006)(citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Plaintiff's memorandum (Docket Entry No. 160) in opposition to defendant Welker's motion to dismiss consists primarily of arguments that the Court's previous dismissals of plaintiff's claims against other defendants were erroneous. Although plaintiff does not directly address the basis for federal question jurisdiction, it appears from a liberal construction of his papers that plaintiff asserts some sort of claim against defendant Welker pursuant to 42 U.S.C. § 1983.

Section 1983 authorizes private parties to enforce their federal constitutional rights against defendants who acted under

---

her challenge that they do not satisfy the requirements of either § 1331 or § 1332, Title 28 of the U.S. Code.

[4]In fact, the record shows that both Moss and Welker are Tennesseans.

color of state law. In paragraph 1072 of his amended complaint, (Docket Entry No. 8), plaintiff alleges: "M. Welker is thought to be independent contractors whose work is regulated by judiciary of the state of Tennessee." Beyond this bare, conclusory statement, plaintiff altogether fails to allege anything to support a claim that defendant Welker was acting "under color of state law" when a court reporter from her firm recorded hearings in the Lella Moss conservatorship proceeding in state court. For example, there is no allegation that the reporting firm was employed or directed in any fashion by any state agent or agency. Moreover, from the amended complaint it appears that the dispute between plaintiff Tommy Moss and defendant Welker arose from a private agreement for the purchase of a transcript of court proceedings. Beyond the conclusory pleading asserting plaintiff's belief that defendant Welker's work as a court reporter was "regulated by the judiciary of the state of Tennessee," there is no claim that defendant Welker was a state actor when plaintiff Tommy Moss sought to purchase this transcript from her firm.

Furthermore, the undersigned Magistrate Judge is unable to find that the dispute between Mr. Moss and defendant Welker, as alleged in the amended complaint, somehow implicates Mr. Moss's rights under the U.S. Constitution.

For the foregoing reasons, the undersigned Magistrate Judge finds that the amended complaint fails to allege a colorable claim arising under 42 U.S.C. § 1983 or any other federal statute

5

or constitutional provision that would support federal question jurisdiction, and, therefore, that the amended complaint against defendant Welker should be dismissed for lack of subject-matter jurisdiction in this Court.

<u>Insufficiency of service of process</u>. Defendant Welker further argues that the attempt to serve her with original process was insufficient. From the record, it appears that the Clerk issued a summons for defendant Welker on October 30, 2007 (Docket Entry No. 10, p. 2). It further appears that plaintiff mailed process to the defendants by U.S. mail on December 18, 2007 (Docket Entry No. 13). While most of the other defendants returned waivers of service (Docket Entry Nos. 42 through 56), defendant Welker did not (Docket Entry No. 41). Although it appears that plaintiff did not mail this process to defendant Welker by registered return receipt or certified return receipt mail, the record does contain what appears to be a United States Postal Service search result indicating that certain mail was delivered on December 19, 2007, in Clarksville, Tennessee, and signed for by "M. Welker" (Docket Entry No. 40-1, p. 6).

It appears from the record that plaintiff sought to serve process on the defendants by mail pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Rule 4(d) provides for mailing, "by first-class mail or other reliable means," a copy of the summons and complaint to the defendant along with two copies of a

6

waiver form and a prepaid means of returning the form.[5] If, after being requested to waive formal service of process, a defendant fails to return the waiver form within 30 days, the Court must impose upon that defendant "the expenses later incurred in making service." Rule 4(d)(2)(A).

In this case, it appears that plaintiff attempted to proceed under Rule 4(d) by mailing a copy of the summons and complaint to defendant Welker along with a waiver of service of summons form similar to those filed by the other defendants. However, in contrast to the other defendants, defendant Welker did not return the waiver of service form. The effect of her failure was to require plaintiff to accomplish service of process on her by other means, after which he could have sought to have the costs of service imposed upon her pursuant to Rule 4(d)(2). However, after defendant Welker did not return the waiver form, plaintiff apparently did not obtain service on her as otherwise provided in Rule 4.[6] Moreover, plaintiff failed to obtain service on defendant Welker within 120 days as required by Rule 4(m).

---

[5] Rule 4(e)(1) provides for service of process "by following state law for serving a summons in an action in courts of general jurisdiction in the state where the district court is located. . . ." Rule 4.04 of the Tennessee Rules of Civil Procedure provides for service of process by "registered return receipt or certified return receipt mail" addressed to the defendant. From the record it appears that plaintiff attempted to serve by Priority Mail rather than by either registered or certified return receipt mail, so he failed to comply with the requirements of the Tennessee rule.

[6] Plaintiff filed his motion "to declare Collins, Welker service" (Docket Entry No. 40), which was denied by the Court (Docket Entry No. 126).

7

For the foregoing reasons, the undersigned Magistrate Judge finds that defendant Welker's motion to dismiss on grounds of insufficient service of process should be granted.

Defendant Welker also argues that the amended complaint against her should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Inasmuch as the undersigned Magistrate Judge finds that the motion to dismiss should be granted both on grounds of insufficiency of service of process and lack of subject-matter jurisdiction, the undersigned will not address the Rule 12(b)(6) ground in this report.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Welker's motion to dismiss be **GRANTED**, and that the complaint, as amended, against her be **DISMISSED without prejudice.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

8

waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 31st day of July, 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge