2:07-cv-12

Tommy Moss
490 West 6th Street
Cookville, TN 38501



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NASHVILLE, TN 37203

OFFICIAL BUSINESS

Vacant

RECEIVED
IN CLERK'S OFFICE
AUG 10 2009
U.S. DISTRICT COURT
MID. DIST. TENN.

NIXIE          372  CC  1          40  08/07/09
       RETURN TO SENDER
       NOT DELIVERABLE AS ADDRESSED
       UNABLE TO FORWARD
BC: 37203          *1947-06316-04-27

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| In re: Lella V. Moss,<br><br>LELLA V. MOSS<br>By agent, next friend, TOMMY<br>MOSS, Individually, agent of<br>Lella Moss,<br><br>    Plaintiffs,<br><br>    v.<br><br>TENNESSEE DEPARTMENT OF HUMAN<br>SERVICES, TN DHS APS, et al.,<br><br>    Defendants. | NO. 2:07-0012<br>Judge Trauger/Bryant |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

The remaining defendant[1] in this action, Margaret Welker, has filed her motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Docket Entry No. 130). As grounds for her motion, defendant Welker argues: (1) that this Court lacks subject-matter jurisdiction, (2) insufficiency of service of

---

[1] The Court has previously dismissed the complaint against numerous other defendants (Docket Entry Nos. 105 and 149), and has remanded to state court a state probate case removed to this Court by plaintiff Tommy Moss (Docket Entry No. 150). It further appears that a summons was issued and served on "Beane Mattingly," CEO of Cookeville Regional Medical Center (Docket Entry No. 10, p. 6), and that Mr. Mattingly thereafter returned a waiver of service form (Docket Entry No. 45), signed "Bernie Mattingly." However, Mr. Mattingly is not listed as a defendant in the caption of the complaint or amended complaint (Docket Entry Nos. 1 and 8), and, to the best of the undersigned Magistrate Judge's ability to determine, the only place his name appears in the amended complaint is in paragraph 30, where he is identified as the CEO of Cookeville Regional Medical Center. From the foregoing, it appears that the amended complaint makes no claim against Mr. Mattingly personally, but instead intended to list him only as agent for service of process on defendant Cookeville Regional Medical Center. Therefore, the undersigned Magistrate Judge **recommends** that Mr. Mattingly be **terminated** as a defendant in this case.