IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LELLA V. MOSS, by agent and next friend Tommy Moss, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 2:07-0012 |
| v. | ) ) ) | Judge Trauger Magistrate Judge Bryant |
| UNKNOWN TN DHS APS COMMISSIONERS, SUPERVISORS, ATTORNEY, individually, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

On January 30, 2009, the Magistrate Judge issued a Report and Recommendation (Docket No. 124), recommending that Linda Harris's Motion to Remand (Docket No. 95) be granted. On February 12, 2009, the court granted a generous extension of time, until March 9, 2009, within which Tommy Moss was to file objections to the Report and Recommendation. (Docket No. 135) Although Tommy Moss filed motions requesting extensions of time to respond to a later Report and Recommendation (Docket No. 128) on February 27, 2009 (Docket No. 140) and on March 25, 2009 (Docket No. 145), both of which requests were granted (Docket Nos. 141, 149), no additional motion to respond to the instant Report and Recommendation (Docket No. 124) was ever filed. On March 31, 2009, no objections having been filed by March 9, 2009, the court accepted the Report and Recommendation and remanded the claims that had been removed back to the Chancery Court for Jackson County, Tennessee. (Docket No. 150) Later in the day on March 31, 2009, Tommy Moss filed a motion requesting an additional extension to April 10, 2009. (Docket No. 152) That is the extension which is before the court.

1

Even though the request was for an extension to April 10, 2009, Tommy Moss did not file his objections to the Report and Recommendation (Docket No. 124) until April 13, 2009 (Docket No. 161).

In the interest of finality and fairness to the parties, this most recent request for an extension of time to file objections to the Report and Recommendation (Docket No. 124) is **DENIED**. However, the court has reviewed Mr. Moss's filing (Docket No. 161) on its merits and finds that its filing would have been futile in any case. The Motion to Remand was granted on three grounds: that the court lacked subject matter jurisdiction, that the notice of removal was untimely filed and that all defendants had not joined in the notice of removal. (Docket No. 124) The plaintiff's objections do not meet those conclusions reached by the Magistrate Judge nor do they counter those grounds for granting the Motion to Remand in any way that has merit. The remand Order (Docket No. 150) therefore stands.

It is so **ORDERED.**

Enter this 11th day of August 2009.

_____
ALETA A. TRAUGER
U.S. District Judge