IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LELLA V. MOSS**, by agent and next friend **Tommy Moss**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:07-cv-0012 |
| **UNKNOWN TN DHS APS COMMISSIONERS, SUPERVISORS, ATTORNEY**, individually, *et al.*, | ) ) ) ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 28, 2009, Magistrate Judge Bryant issued a Report and Recommendation (R&R), in which he recommended that this court terminate as moot defendant Kelly Tayes's pending Second Motion to Dismiss and that Tayes be "terminated as a party to this action." (Docket No. 176 at 3.) The plaintiff, Tommy Moss, has filed timely objections to the R&R. (Docket No. 184.) Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the R&R to which a specific objection is made. *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Tommy Moss, proceeding *pro se*, alleges that his rights and the rights of his deceased mother, Lella V. Moss, were violated by numerous defendants in the course of a wrongful prosecution of a protective custody and conservatorship proceeding in the Chancery Court for Jackson County, Tennessee, in early 2007. (*See* Docket No. 93 at 2.) Defendant Tayes was

1

named as the Conservator and Trustee for Ms. Moss's estate during that proceeding, and she was sued by Tommy Moss when he filed his Amended Complaint in this case on October 26, 2007. (Docket No. 8 at 6-7; Docket No. 176 at 1.) On March 13, 2008, Tayes filed a motion to dismiss, which was granted, with prejudice, on October 7, 2008. (Docket No. 60; Docket No. 105.)

In the intervening period (between the motion to dismiss being filed and granted), on August 27, 2008, Tommy Moss attempted to remove the pending state court probate proceeding involving his mother's estate, in which he was a defendant, to this court. (*See* Docket No. 92.) Shortly thereafter, the duly appointed personal representative of Ms. Moss's estate, Linda Harris, filed a motion to remand the probate action back to the state court. (Docket No. 95.) In response to that motion, Tommy Moss filed a sixty-five-page document, which the Magistrate Judge "liberally construe[d] as an answer, counterclaim and third-party complaint in the state probate case removed to this court." (Docket No. 176 at 2; Docket No. 115 Ex. 1.) This document repeatedly mentioned Tayes, asserting similar allegations against her as those in the Amended Complaint. (*Id.*)

On December 8, 2008, Tayes, admittedly with "an overabundance of caution," filed her Second Motion to Dismiss, stating that, however Moss's sixty-five page filing was construed, it "re-asserts the same alleged civil rights violations, and seeks the same relief sought in the original action that has already been dismissed by this Court with prejudice," and, therefore, *res judicata* principles precluded any such claims from being filed against her. (Docket No. 120 at 2-3.) Also, on March 31, 2009, this court granted the motion to remand. (Docket No. 150.)

In passing on Tayes's Second Motion to Dismiss, the Magistrate Judge concluded that,

2

(1) because the court had previously dismissed the Amended Complaint against Tayes and (2) because "the new claims against her that prompted the subject motion were filed as a third-party claim in the state probate case now remanded to state court," Tayes's Second Motion to Dismiss should be terminated as moot and Tayes should be terminated as a party in this case. (Docket No. 176 at 3.)

The plaintiff's objection to the R&R is essentially that the Magistrate Judge misconstrued his sixty-five-page document, that is, this document "has always been a complaint requesting redress under 42 U.S.C. § 1983. ... [for the] act[s] and conspirac[ies] [that] deprive[d] the federal plaintiffs of constitutional rights by use of state courts."[1] (Docket No. 184 at 1-2.)

The Magistrate Judge's recommendation is plainly appropriate. The plaintiff has had his opportunity to pursue his Section 1983 claims against Tayes, and those claims have been dismissed with prejudice. As Tayes's first motion to dismiss the claims against her in this case was granted, her second motion to dismiss (in a matter that is not even before the court anymore) is moot and should be terminated as such.

Having carefully reviewed the Magistrate Judge's Report and Recommendation and the plaintiff's objections thereto, the plaintiff's objections are **OVERRULED**. The Report and Recommendation is hereby **ACCEPTED** and made the findings of fact and conclusions of law

---

[1] The plaintiff also objects to the fact that the Magistrate Judge ordered the Clerk of Court to terminate a motion for extension of time to respond that was filed by individuals named in the sixty-five page filing. (Docket No. 184 at 1; Docket No. 174.) The Magistrate Judge terminated the motion because it was moot in light of the remand of the state court probate proceeding. (Docket No. 174 at 1-2.) The basis for Tommy Moss's objection is his continuing argument that remanding the probate proceeding to state court was improper. (Docket No. 184 at 1.) Moss has plainly lost the battle on that point in this court, and, therefore, it was certainly appropriate to terminate the motion at issue. (See Docket Nos. 124, 150 and 187.)

of this court. For the reasons stated therein and herein, it is hereby **ORDERED** that the Second Motion to Dismiss (Docket No. 120) filed by Kelly Tayes is **TERMINATED AS MOOT**, and Tayes is **TERMINATED** as a party to this action.

    It is so Ordered.

    Entered this 18th day of August 2009.

                                            ALETA A. TRAUGER
                                            United States District Judge